**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **vs.** | § | **Case No. 6:18-CR-00259-8-ADA** |
| | § | |
| | § | |
| **ADOLPHAN P. BALL** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

On August 28, 2019, Mr. Ball was convicted of Conspiracy to Possess With Intent to Distribute and to Distribute "Crack" Cocaine, a Scheduled II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 846 {21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii)}. He was sentenced to eighty-four (84) months imprisonment; five (5) years supervised release; and ordered to pay a $100.00 special assessment. Mr. Ball was released from custody and began the term of supervised release on January 12, 2024.

On March 26, 2026, the United States Probation Office filed an Amended Petition for

Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated Standard Condition Number 1, in that he failed to report to the probation office in the federal judicial district where he is authorized to reside, after being released from imprisonment, as instructed by the probation office. His whereabouts are unknown.

**Violation Number 2:** The defendant violated Mandatory Condition Number 1, in that committed a new crime. On February 12, 2024, Mr. Ball exposed his penis to a minor child during a video chat phone call while masturbating. He was subsequently charged with Indecency With a Child Exposes, a third-degree felony, in violation of Texas Penal Code 21.11(d).

**Violation Number 3:** The defendant violated Mandatory Condition Number 3, in that failed to refrain from the use of a controlled substance.

On March 31, 2026, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE to Violation Numbers 1, 2, and 3. The petition contained a sufficient factual basis to support a plea of TRUE to Violation Numbers 1, 2, and 3.

## II. FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1.    The defendant violated the conditions of his supervision as alleged in the petition.

2.    The defendant was competent to make the decision to enter a plea of TRUE to Violation Numbers 1, 2, and 3.

3.    The defendant had both a factual and rational understanding of the proceedings against him.

4.    The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    The defendant was sane and mentally competent to stand trial for these proceedings.

7.    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.    The defendant understood the petition and the charges alleged against him.

10.    The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.    The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.    The defendant freely, intelligently, and voluntarily entered his plea of TRUE to Violation Numbers 1, 2, and 3.

14.    The defendant understood his statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support the defendant's pleas of TRUE to Violation Numbers 1, 2, and 3.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be sentenced to thirty (30) months imprisonment with credit for time served, with no term of supervised release to follow. The undersigned further **RECOMMENDS** that the defendant be detained in the Central Texas area, if possible.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of April, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE